

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin. TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)1 Texas, Suite 700
..ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 21, 1984

Honorable Chet Brooks
Chairman
Committee on Health & Human Resources
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-173

Re:   The Nurse Practice Act
exception   for   acts   done
under the control or super-
vision or at the instruction
of a physician

Dear Senator Brooks:

Your  letter requesting  an  opinion  from  this  office  poses  the
following questions:

> 1.  Do the provisions of section 3.06(d) of the
> Medical  Practice  Act,  article  4495b,  V.T.C.S.,
> governing physicians' delegation of authority to
> nonphysicians  apply  to  acts  exempted  from  the
> Nurse Practice Act as 'acts done under the control
> or  supervision  or  at  the  instruction  of  one
> licensed by the Texas Board of Medical Examiners?'
>
> 2.  Does the Board of Medical Examiners have
> the authority to regulate the details and means
> and  manner  of  the  physician's  [delegations  of
> authority  to  nonphysicians  acting  under  the]
> control  or  supervision  or  at  the  instruction  of
> one licensed by the Texas State Board of Medical
> Examiners?  In other words, may the board adopt
> regulations  requiring  that:   (a)   the  instruction
> be addressed to the particular person who will do
> the   act,   (b)   the   instructing   physician   be
> familiar  with  the  training  and  skills  of  the
> person   who   will   do   the   act,   or   (c)   the
> instruction be directed to a natural person and
> not to an institution or corporation?

Article 4495b, section 1.03(8) defines "practicing medicine" as
follows:

> (8)  . . . A person shall be considered to be
> practicing medicine within this Act:

p. 759

(A) who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof; or

(B) who shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation.

Article 4518, V.T.C.S., contains the following definition of "professional nursing":

Sec. 5. Insofar as any of the following acts require substantial specialized judgment and skill and insofar as the proper performance of any of the following acts is based upon knowledge and application of the principles of biological, physical, and social science as acquired by a completed course in an approved school of professional nursing, 'Professional Nursing' shall be defined as the performance for compensation of any nursing act (a) in the observation, assessment, intervention, evaluation, rehabilitation, care and counsel and health teachings of persons who are ill, injured or infirm or experiencing changes in normal health processes; (b) in the maintenance of health or prevention of illness; (c) in the administration of medications or treatments as prescribed by a licensed physician or dentist; (d) in the supervision or teaching of nursing; (e) in the administration, supervision, and evaluation of nursing practices, policies, and procedures. The foregoing shall not be deemed to include acts of medical diagnosis or prescription of therapeutic or corrective measures.

There is considerable overlap between these definitions. A physician's license authorizes him to perform all nursing acts within sections 5(a), (b), and (c). The medical acts delegated to non-physicians are virtually always acts involving the care and treatment of a patient. Moreover, a physician's license authorizes him to perform all nursing acts involving diagnosis, treatment, and care of a patient. See generally Baker v. State, 240 S.W. 924 (Tex. Crim. App. 1921); Attorney General Opinions MW-318 (1981); H-1295 (1978); H-27 (1973). We will therefore limit this opinion to those nursing acts set out in sections 5(a), (b), and (c), since it seems apparent that

this will adequately address the delegations about which you are concerned.

The Nurse Practice Act permits licensed nurses under certain circumstances to perform medical acts that they could not otherwise perform without violating article 4495b. See V.T.C.S. art. 4495b, §3.06(b)(4). The two acts are in pari materia and should be read together. See 53 Tex. Jur. 2d Statutes §186, at 280.

When the Medical Practice Act and the Nurse Practice Act are read together, it is apparent that a licensed physician is exempted from the Nurse Practice Act only when his actions are authorized by the Medical Practice Act. Article 4528 makes the Nurse Practice Act inapplicable

> to acts done by persons licensed by any board or agency of the State of Texas if such acts are authorized by such licensing statutes. (Emphasis added).

It is equally clear, however, that a physician violates the Medical Practice Act if he fails to conform his delegations of medical acts to the requirements of subsection 3.06(d)(1) of that act, article 4495b, V.T.C.S., which reads:

> [A] person licensed to practice medicine shall have the authority to delegate to any qualified and properly trained person or persons acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, the act can be properly and safely performed by the person to whom the medical act is delegated and the act is performed in its customary manner, not in violation of any other statute, and the person does not hold himself out to the public as being authorized to practice medicine. The delegating physician shall remain responsible for the medical acts of the person performing the delegated medical acts. The [Texas State Board of Medical Examiners] may determine whether or not an act constitutes the practice of medicine, not inconsistent with this Act, and may determine whether any medical act may or may not be properly or safely delegated by physicians . . . . (Emphasis added).

A physician is not relieved of his responsibility under the Medical Practice Act simply because the exception to the Nurse Practice Act makes the Nurse Practice Act inapplicable to "acts done

under the control or supervision or at the instruction of" a physician. V.T.C.S. art. 4528. The Medical Practice Act expressly provides that the physician "remains responsible for the medical acts of the person performing the delegated medical acts." Moreover, his personal exemption from the Nurse Practice Act is conditioned upon the validity of his acts under the Medical Practice Act. Thus, in answer to your first question, we advise that the provisions of section 3.06(d) of the Medical Practice Act apply to a physician's delegation of authority to a non-physician even though the act delegated may come within the term, "nursing act," as described by the Nurse Practice Act.

In contrast, however, the Nurse Practice Act exemption for non-licensed persons acting under the supervision, control or instruction of a licensed physician is not conditioned upon the physician's actual authority to delegate the act. In our opinion, the Nurse Practice Act is designed to protect persons who, in good faith, act at the direction of a licensed physician, though the physician may have violated the Medical Practice Act in giving the direction.

Section 3.07(i) of the Medical Practice Act, with which the Nurse Practice Act must be read, expressly provides:

> A person to whom a physician has delegated a medical act to perform is not guilty of practicing medicine without a license unless the person acts with knowledge that the delegation and action thereunder is a violation of this Act.

We conclude that a physician may violate the Medical Practice Act by delegating nursing acts in a manner not permitted by the Medical Practice Act, but that a person performing the delegated nursing act in good faith -- although acting as the delegatee of such a physician -- violates neither the Nurse Practice Act nor the Medical Practice Act.

Your second question consists of a general inquiry and three subparts. The general question asks whether the Texas State Board of Medical Examiners has authority to regulate the details, means, and manner of delegating nursing acts to be done under a physician's control or supervision or at his instruction.

We have already observed that the provisions of section 3.06(d) of the Medical Practice Act apply to a physician's delegation of article 4518 nursing acts to non-physicians. The final sentence of subsection 3.06(d)(1) of the Medical Practice Act, states:

> The board may determine whether or not an act constitutes the practice of medicine, not inconsistent with this Act, and may determine

> whether any medical act may or may not be properly
> or safely delegated by physicians . . . .

Since, in our view, nursing acts in question are species of medical acts under the Medical Practice Act, we advise that the Texas State Board of Medical Examiners does have such authority, consistent with the Medical Practice Act.

The subparts of your question concern the authority of the Texas State Board of Medical Examiners to require that a physician's instructions be addressed to a particular person, to require that the instructing physician be familiar with the training and skills of the person who will perform the delegated act, or to require that such instructions be directed to a natural person rather than to an institution or corporation.

Regulations of the board respecting a physician's delegations of medical acts must be "not inconsistent" with the Medical Practice Act, which expressly states that

> the individual physician should be given the greatest opportunity to exercise his best independent professional judgment in deciding what medical acts can be safely delegated; therefore, rules of the board regulating delegation should have the purpose of promoting such exercise of professional judgment and decision by not containing, except as absolutely necessary, global prohibitions or restrictions on delegation of medical acts . . . .

V.T.C.S. art. 4495b, §1.02(8). Furthermore, the act is to be construed in a way that permits licensed physicians to delegate such acts to "any qualified and properly trained person or persons" under his supervision. Id. §3.06(d)(1). We think the Texas State Board of Medical Examiners, pursuant to the statute, might set standards applicable to the selection of persons "qualified and properly trained" to perform particular acts under the physician's supervision, but not itself to select the only individuals to whom such acts might be delegated. Cf. 22 T.A.C. §193.1 (1982).

We also believe the board has statutory authority to require that physicians be familiar with the training and skills of the person whom the physician instructs to perform delegated medical acts. Such power is easily encompassed by the express authority of the board to "determine whether any medical act may or may not be properly or safely delegated by physicians." V.T.C.S. art. 4495b, §3.06(d)(1).

Similarly, it would not be inconsistent with the Medical Practice Act for the board to require that instructions of a physician concerning the performance of delegated medical acts be directed only

to natural persons. Section 1.03(6) of the act states that the word "person," as used in the act, "means an individual unless otherwise expressly made applicable to a partnership, association, or corporation." Section 3.06(d) thereof, which allows such delegations, speaks only of "persons" and is not "otherwise made applicable" to institutions or corporations. Cf. Attorney General Opinions MW-318 (1981); H-395 (1974).

## S U M M A R Y

A physician may violate the Medical Practice Act by delegating nursing acts in a manner not permitted by the Medical Practice Act, but a non-licensed person performing the delegated nursing act in good faith -- although acting as the delegatee of such a physician -- violates neither the Nurse Practice Act or the Medical Practice Act. The Texas State Board of Medical Examiners has authority, consistent with the Medical Practice Act, to regulate the details, means and manner of delegating nursing acts done under a physician's control or supervision or at his instruction.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton